74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bryan R. RAYMER, Plaintiff-Appellant,
v.
Richard NESS, Sheriff; Dan Exstrom, Deputy Sheriff;
Torrance County Commissioners, individually and as
a municipal corporation of New Mexico,
Defendants-Appellees,
and
Torrance County Jail, Defendant.
 No. 95-2112.
(D.C. No. CIV-87-61 JC).
 United States Court of Appeals, Tenth Circuit.
 Jan. 19, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Bryan R. Raymer, appearing pro se, appeals the district court's order dismissing his 42 U.S.C.1983 action. We have jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 2
 On January 20, 1987 Plaintiff filed a 1983 action against Defendants for alleged First, Eighth, and Fourteenth Amendment violations while Plaintiff was a pre-trial detainee at the Torrance County Jail from December 12, 1983 through February 28, 1984. Plaintiff alleged his mail was opened, read, and that some items were discarded; that Sheriff Ness injected problems into his marriage; that he received inadequate medical care; that the conditions of pre-trial confinement were so deplorable that he was coerced into entering an involuntary guilty plea; and that Plaintiff's court-appointed attorney conspired with Defendants to deprive Plaintiff of his constitutional rights.
 
 
 3
 Defendants Ness, Exstrom, and the Board of County Commissioners of Torrance County ("Board") moved to dismiss Plaintiff's Eighth Amendment-based inadequate medical care claim as time-barred by the statute of limitations. Defendant Board separately moved under Fed.R.Civ.P. 12(b)(6) to dismiss Plaintiff's claims on the grounds that it could not be vicariously liable for Plaintiff's alleged constitutional injuries. Plaintiff moved to amend his second amended complaint and filed a motion to stay.
 
 
 4
 On May 8, 1995 the district court adopted the magistrate's proposed analysis and recommended disposition and dismissed Plaintiff's complaint. Specifically, the district court: (1) granted Defendant's motion to dismiss Plaintiff's inadequate medical care claim as time-barred under the statute of limitations; (2) granted Defendant Board's Rule 12(b)(6) motion on the ground that Defendant Board could not be vicariously liable under 1983 for the alleged constitutional violations; (3) dismissed Plaintiff's claim that he involuntarily pleaded guilty on the grounds that Plaintiff could not use 1983 to challenge the constitutionality of his conviction; (4) denied Plaintiff's motion to amend his second amended complaint and motion to stay; and (4) dismissed with prejudice Plaintiff's remaining First and Fourteenth Amendment claims. This appeal followed.
 
 
 5
 On appeal, Plaintiff contends the district court erred in dismissing his First, Eighth, and Fourteenth Amendment claims. Plaintiff further asserts the district court erred by: (1) denying his motion to amend his second amended complaint, and (2) failing "to disqualify himself from this case when it became apparent he was 'boxed in' by prior rulings such that he was forced to reach a certain result regardless of the merits."
 
 
 6
 We have reviewed the briefs of the parties, the pleadings, the magistrate's proposed analysis and recommended disposition, the district court's order, and carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and AFFIRM for substantially the reasons set forth in the district court's order.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument